IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER WALLACE, #67368,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 15-cv-00557-NJR |
| ) | |
| **JOHN LAKIN, GARY BOST,** ) | |
| **ROBERT HALLENBOCH,** ) | |
| **ROBERT BLAKENSHIP,** ) | |
| **BARBRA UNFRIED, MARTHA MAJOR,** ) | |
| **and ALICIA RUSHING,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Christopher Wallace, a pretrial detainee at the Madison County Jail ("Jail"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff asserts that Defendants have subjected him to unconstitutional conditions of confinement, failed to provide adequate medical care, refused to respond to detainee grievances, and denied detainees adequate daily nutrition.

### Merits Review Pursuant to 28 U.S.C. § 1915

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At the same time, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). At this preliminary stage, the Court finds that Plaintiff's complaint passes threshold review.

## The Complaint

Plaintiff is a pre-trial detainee at the Madison County Jail ("Jail"). In February 2015, Plaintiff was assigned to Housing Unit B-North at the Jail. (Doc. 1, p. 6). Since that time, he has been exposed to raw sewage on three separate occasions (March 18, March 19, and April 26, 2015) when the sewer drains and toilets on the unit backed up causing sewage to flow "completely everywhere throughout cells and cellblock putting detainees in direct contact with raw sewage waste." *Id*. at 6-7. Plaintiff contends that detainees were not given any medical attention following their exposure to the raw sewage. *Id*. Plaintiff further asserts that each of the named Defendants were informed of the ongoing inhumane and unsanitary conditions, yet failed to take action to mitigate the risks to Plaintiff's health and safety.

In addition, Plaintiff maintains that Defendants Bost and Lakin have failed to comply with disciplinary and grievance procedures as required by the Illinois Department of Corrections. *Id*. at 8. Specifically, Plaintiff complains that grievance forms are not provided by the Jail, and the Jail fails to make copies of handwritten grievances. *Id*.

Finally, Plaintiff asserts that Defendant Bost and Lakin have adopted a meal schedule at the Jail that forces detainees to wait 15 hours between dinner, which is served at 4:30 p.m., and

breakfast, which is served at 7:30 a.m. *Id*. at 9. He further alleges that the meals are nutritionally inadequate, which causes detainees to suffer both mentally and physically.

Plaintiff has named the following Defendants, in their individual and official capacities: John Lakin (sheriff), Gary Bost (captain), Robert Blakenship (medical doctor), Barbra Unfried (nurse), Martha Major (nurse), and Alicia Rushing (nurse). He asserts that Defendants violated his rights under the First, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments. Plaintiff seeks monetary damages.

## Discussion

"Incarcerated persons are entitled to confinement under humane conditions which provide for their 'basic human needs.'" *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). Because Plaintiff is a pretrial detainee, his right to be confined under humane conditions is derived from the due process clause of the Fourteenth Amendment rather than the Eighth Amendment's proscription against cruel and unusual punishment. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)). *See also Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). Nonetheless, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (emphasis in original) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999) (citing *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003)). The Court's analysis, therefore, will refer interchangeably to the Eighth and Fourteenth Amendments.

The Court finds it convenient to divide the complaint into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. In addition to the four counts discussed below, the complaint also refers to violations arising under the First, Fifth, Sixth, and Thirteenth Amendments, but Plaintiff offers no facts to support a claim under these amendments. For that reason, these allegations warrant no further discussion and will be dismissed without prejudice for failure to state a claim.

**Count 1:  Conditions of confinement claim**

Jail officials violate the Eighth Amendment when they show deliberate indifference to adverse conditions that deny "the minimal civilized measure of life's necessities." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted); *Rice ex rel. Rice*, 675 F.3d at 664; *Gillis v. Litscher*, 468 F.3d 488 (7th Cir. 2006); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007)).

In order to prevail on a claim attacking the conditions of confinement, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective analysis examines whether the conditions of confinement exceeded the contemporary bounds of decency of a mature civilized society. *Id.* Prison conditions that deprive inmates of basic human needs—food, medical care, sanitation, or physical safety—may violate constitutional norms. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).

The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson v. Duckworth*, 955

F.2d 21, 22 (7th Cir. 1992). The subjective component requires that a prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994). In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992).

Here, Plaintiff alleges that he has repeatedly been exposed to raw sewage while confined in the B-North Housing Unit. This allegation is sufficient to support a claim of unconstitutional conditions of confinement at this early stage in the litigation. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on the severity, duration, nature of risk, and susceptibility of the inmate, prison conditions may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm).

Further, the complaint alleges that Defendants are liable for the unconstitutional conditions because they were personally made aware of the conditions, but failed to correct any of the problems. At this juncture, more facts are needed to determine whether each Defendant acted with deliberate difference. Accordingly, Plaintiff shall be allowed to proceed with a claim for unconstitutional conditions of confinement (**Count 1**) against all Defendants in their

individual capacities.

Plaintiff also seeks to hold Defendants liable in their official capacities. An official capacity claim against jail officials may proceed if the constitutional deprivation was "undertaken pursuant to an official jail policy or widespread custom." *Grieveson v. Anderson*, 538 F.3d 763, 773 (7th Cir. 2008). In other words, a plaintiff must point to "an express policy which caused the injury, a widespread practice that is so well-settled as to amount to a policy," or show that the official had the "final policymaking authority for the decisions" regarding jail conditions. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Here, Plaintiff has alleged that officials were aware of ongoing problems with the jail sewage system, yet failed to adequately address the unconstitutional conditions. That allegation is sufficient to put forth a municipal practice or custom for purposes of initial review. *See*, *e.g.*, *Budd*, 711 F.3d at 843 (claim alleging that sheriff "creat[ed] conditions at the jail and permit[ed] them to persist" stated a "municipal practice or custom"); *Young v. Sheehan*, No. 98 C 6527, 2000 WL 288516, at *5 (N.D. Ill. Feb. 24, 2000) (allegations of "punitive conditions existing at Cook County Jail and inadequate conditions of confinement" were "sufficient to support the inference of an official county jail policy, practice, or custom"). Therefore, the Court will allow an official capacity claim to proceed against Defendant Lakin, who, as sheriff, is responsible for running the Jail. *See DeGenova v. Sheriff of DuPage Cnty.*, 209 F.3d 973, 976 (7th Cir. 2000) ("Illinois sheriffs have final policymaking authority over jail operations."). All other official capacity claims are redundant because they are based on the same theory of liability. Accordingly, the official capacity claims against all other Defendants shall be dismissed.

To summarize, Plaintiff may proceed on his conditions of confinement claim (Count 1) against all Defendants, in their individual capacities, and against Defendant Lakin, in his official

capacity as Sheriff at Madison County Jail.

**Count 2: Inadequate nutrition**

As discussed above, prison conditions that deprive inmates of basic human needs, such as food, may violate the Eighth Amendment. *Rhodes*, 452 U.S. at 346; s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). The denial of food, however, is not a *per se* violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (it would be an Eighth Amendment violation to deny a prisoner an "identifiable human need such as food"); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, satisfy the first *Farmer* prong); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1998) (serving inmates only two meals per day may satisfy the Eighth Amendment if the meals are nutritionally adequate).

Here, Plaintiff alleges that the meals served at the jail are not only inadequate, but also that detainees are forced to wait 15 hours between dinner, which is served at 4:30 p.m., and breakfast, which is served at 7:30 a.m. Plaintiff further alleges that Defendants Bost and Lakin are the jail officials responsible for adopting and instituting the meal plan policy.

Whether the meals served at the jail, in terms of size and timing, violate Plaintiff's constitutional rights and whether Defendants Bost and Lakin were personally involved in this alleged constitutional violation are questions of fact that cannot be resolved at this preliminary stage. Therefore, Plaintiff may proceed on this claim **(Count 2)** against Defendants Bost and Lakin, in their individual capacities; and against Defendant Lakin, in his official capacity as sheriff (for the same reasons discussed above under Count 1).

**Count 3:** **Deliberate indifference claim to serious medical need**

Plaintiff also claims that jail officials denied him medical treatment following his exposure to raw sewage on March 18, 19, and April 26, 2015. To be sure, the Fourteenth Amendment prohibits "deliberate indifference to the serious medical needs of pretrial detainees." *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991). But there are pleading requirements for such a claim: a plaintiff "claiming a constitutional violation under § 1983 for denial of medical care" must allege that his "medical condition was objectively serious" and that a defendant's "acts or omissions were sufficiently harmful to evidence deliberate indifference" to that condition. *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). Plaintiff generally asserts that "no medical treatment was given for nausea, headaches, or any other treatment that should have been given from raw sewage exposure." (Doc. 1, p. 6). It is unclear from this statement whether Plaintiff is even alleging that he personally suffered from headaches and nausea. These allegations, therefore, do not amount to a serious medical condition, nor do they suggest that the defendants were indifferent to any serious condition. Because the complaint lacks any allegations on these points, **Count 3** must be dismissed without prejudice.

**Count 4:** **Failure to follow grievance procedures**

Lastly, Plaintiff alleges that Defendants Bost and Lakin have violated his rights because they have failed to abide by the grievance procedures set forth by the Illinois Department of Corrections for Illinois county jails. Even assuming this is true, this allegation fails to state a constitutional claim and must be dismissed.

Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. The Constitution requires no procedure at all, and the failure of

state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). For these reasons, this claim **(Count 4)** will be dismissed for failure to state a claim.

### Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Wilkerson and addressed in a separate order.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's claims on **COUNTS 1** and **2** shall proceed against Defendants **GARY BOST, ROBERT HALLENBOCH, ROBERT BLAKENSHIP, BARBRA UNFRIED, MARTHA MAJOR,** and **ALICIA RUSHING**, in their individual capacities only. Plaintiff may also proceed on **COUNTS 1** and **2** against Defendant **JOHN LAKIN**, in his individual capacity, and in his official capacity as Sheriff.

**IT IS FURTHER ORDERED** that **COUNTS 3** and **4** are **DISMISSED** against all Defendants for failure to state a claim upon which relief may be granted.

The Clerk of Court shall prepare for Defendants **JOHN LAKIN, GARY BOST, ROBERT HALLENBOCH, ROBERT BLAKENSHIP, BARBRA UNFRIED, MARTHA MAJOR,** and **ALICIA RUSHING**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is

**DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 12, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**